UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PALLAZHCO,<br><br>Plaintiff,<br><br>v.<br><br>A. ACEVEDO, et al.,<br><br>Defendants. | Case No. 21-cv-00378-JSC<br><br>**ORDER RE: MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 13 |

Before the Court is Defendant A. Acevedo's motion for sanctions under Federal Rule of Civil Procedure 37(d). (Dkt. No. 13.)[1] Defendant served interrogatories and requests for production on Plaintiff on September 21, 2021. (Dkt. No. 13-2 ¶ 2.) Responses were originally due on October 25. (*Id.* ¶ 3.) On October 28, Plaintiff's counsel and Defendant's counsel spoke about an unrelated matter and Defendant's counsel agreed to an extension to November 24. (*Id.* ¶¶ 4–5.) On December 8, Defendant's counsel asked Plaintiff's counsel by email to let her know by December 15 when he planned to respond. (*Id.* ¶¶ 6–8.) Defendant's counsel noted that she would file a motion to compel if she did not hear from Plaintiff's counsel by December 15. (*Id.* ¶ 9.) Plaintiff's counsel did not respond, (*id.* ¶ 11), and Defendant filed a motion to compel and this motion for sanctions on December 23, (Dkt. Nos. 12, 13).

Thereafter, Plaintiff's counsel represented that he would serve the discovery responses by January 31, 2022. (Dkt. No. 14 at 3.) Defendant withdrew the motion to compel but continues to seek monetary sanctions. (Dkt. No. 15.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**DISCUSSION**

Federal Rule of Civil Procedure 37(d) authorizes sanctions against a party for failing to serve answers, objections, or written responses to properly served interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Defendant's counsel attests that she in good faith attempted to confer to obtain the requested discovery, as required by Rule 37(d)(1)(B). (Dkt. No. 13-2 ¶¶ 6–11.) Plaintiff's counsel represents that he has been unable to meet with his client because Plaintiff is incarcerated. (Dkt. No. 14 at 2.) Plaintiff's counsel admits that he never responded to Defendant's counsel's December 8, 2021 email because he was working on other cases and trying to make an appointment with Plaintiff. (*Id.*)

Plaintiff's counsel's failure to respond to Defendant's counsel's email, after missing two deadlines to respond to discovery, was not substantially justified. *See* Fed. R. Civ. P. 37(d)(3). Nor has Plaintiff explained other circumstances that would make an award of expenses against Plaintiff's counsel unjust. *See id.* The Court also notes that the exhibits to Plaintiff's opposition show the earliest date that Plaintiff's counsel requested an appointment with Plaintiff was November 3, 2021—after the first deadline to respond to Defendant's discovery requests. (Dkt. No. 14 at 13.)

"Because the imposition of attorneys' fees against a party who abused the judicial process is limited to compensation for the wronged party, the court can shift only those attorney's fees incurred because of the misconduct at issue." *Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019) (cleaned up). Thus, a "causal link" is required to impose attorneys' fees under Rule 37(d): "a party may recover only the portion of his fees that he would not have paid but for the

misconduct." *Id.* (cleaned up); *e.g.*, *Harkey v. Select Portfolio Servicing*, No. 2:14–cv–00177–RFB–GWF, 2018 WL 2014062, at *4 (D. Nev. Apr. 29, 2018) (imposing Rule 37(d) sanctions), *aff'd sub nom. Harkey v. Beutler*, 817 F. App'x 389, 392 (9th Cir. 2020) (citing *Lu*, 921 F.3d at 859–64).

Defendant's request for attorneys' fees has the required causal link. Counsel performed the 3.5 hours of work solely to obtain the requested discovery via a motion to compel, after Plaintiff twice failed to respond. The Court thus ORDERS Plaintiff's counsel to pay Defendant's attorneys' fees incurred in preparing the motion to compel. 3.5 hours of work is reasonable, as is a billing rate of $220 per hour for an attorney with 12 years of experience. (*See* Dkt. No. 13-2 ¶¶ 12–15.)

**CONCLUSION**

Defendant's motion for sanctions is GRANTED. Law Offices of Theida Salazar shall pay Defendant's reasonable attorneys' fees of $770 within 30 days.

This Order disposes of Docket No. 13.

**IT IS SO ORDERED.**

Dated: February 8, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge