1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO PALLAZHCO,

        Plaintiff,

    v.

A. ACEVEDO, et al.,

        Defendants.

Case No.  21-cv-00378-JSC

**PRETRIAL ORDER NO. 1**

12      Following the Case Management Conference held on May 5, 2022, IT IS ORDERED

13  THAT:

14  **I.**     **CASE MANAGEMENT SCHEDULE**

| | |
|---|---|
| 15  Deadline to Move to Amend Pleadings: | October 6, 2022 |
| 16  Fact Discovery Cut-Off: | November 18, 2022 |
| 17  Expert Witness Disclosures: | December 16, 2022 |
| 18  Rebuttal Expert Witness Disclosures: | January 16, 2023 |
| 19  Expert Discovery Cutoff: | February 13, 2023 |
| 20  Deadline for Hearing Dispositive Motions: | March 13, 2023 |

21      A further Case Management Conference is scheduled for July 7, 2022 at 1:30 p.m. via

22  Zoom video.  An updated Joint Case Management Conference Statement is due June 30, 2022.

23  The Court will be especially interested in (1) the status of service on CDCR, and (2) the most

24  appropriate form and timing of alternative dispute resolution.

25  **II.**    **TRIAL DATE**

26      A.    Jury trial will begin on June 26, 2023, at 8:30 a.m., in Courtroom 8, 19th Floor,

27  U.S. District Court, 450 Golden Gate, San Francisco, California.

28      B.    The Court is expecting the length of the trial to not exceed 7 court days.

United States District Court
Northern District of California

1  **III.    PRETRIAL CONFERENCE**

2       A Final Pretrial Conference shall be held on June 15, 2023, at 2:00 p.m., in Courtroom 8,

3  19th Floor. Lead trial counsel for each party shall attend.

4       A.    At least seven days prior to date of the Final Pretrial Conference the parties shall do

5  the following:

6       1.    In lieu of preparing a Joint Pretrial Conference Statement, the parties shall

7  meet and confer in person, and then prepare and file a jointly signed Proposed Final Pretrial Order

8  that contains: (a) a brief description of the substance of claims and defenses which remain to be

9  decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in

10 numerical order, including a brief description of the exhibit and Bates numbers, a blank column

11 for when it will be offered into evidence, a blank column for when it may be received into

12 evidence, and a blank column for any limitations on its use; and (e) each party's separate witness

13 list for its case-in-chief witnesses (including those appearing by deposition), including, for all such

14 witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her

15 testimony and, separately, what, if any, non-cumulative testimony the witness will offer. For each

16 witness, state an hour/minute time estimate for the direct examination (only). Items (d) and (e)

17 should be submitted as appendices to the proposed order. The proposed order should also state

18 which issues, if any, are for the Court to decide, rather than the jury.

19      2.    File a joint set of proposed instructions on substantive issues of law

20 arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated

21 Instruction No. ____ Re _____," with the blanks filled in as appropriate. If disputed, each

22 version of the instruction shall be inserted together, back to back, in their logical place in the

23 overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed

24 Instruction No. ____ Re _____ Offered by _____," with the blanks filled

25 in as appropriate. All disputed versions of the same basic instruction shall bear the same number.

26 Any modifications to a form instruction must be plainly identified. If a party does not have a

27 counter version and simply contends that no such instruction in any version should be given, then

28 that party should so state (and explain why) on a separate page inserted in lieu of an alternate

1    version. With respect to form preliminary instructions, general instructions, or concluding

2    instructions, please simply cite to the numbers of the requested instructions in the current edition

3    of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not

4    include preliminary, general, or concluding instructions in the packet.

5            3.      File a separate memorandum of law in support of each party's disputed

6    instructions, if any, organized by instruction number.

7            4.      File a joint set of proposed voir dire questions supplemented as necessary

8    by separate requests.

9            5.      File trial briefs on any controlling issues of law.

10            6.      File proposed verdict forms, joint or separate.

11            7.      File and serve any objections to exhibits.

12            8.      File a joint simplified Statement of the Case to be read to the jury during

13    voir dire as part of the proposed jury instructions. Unless the case is extremely complex, this

14    statement should not exceed one page.

15        B.      Any motions in limine shall be submitted as follows: at least twenty (20) calendar

16    days before the conference, the moving party shall serve, but not file, the opening brief. At least

17    ten (10) calendar days before the conference, the responding party shall serve the opposition.

18    There will be no reply. When the oppositions are received, the moving party should collate the

19    motion and the opposition together, back-to-back, and then file the paired sets at least seven (7)

20    calendar days before the conference. Each motion should be presented in a separate memorandum

21    and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Each

22    party is limited to bringing five motions in limine. The parties are encouraged to stipulate where

23    possible, for example, as to the exclusion of witnesses from the courtroom. Each motion should

24    address a single, separate topic, and contain no more than seven pages of briefing per side.

25        C.      Hard-copy courtesy copies of the above documents shall be delivered by NOON

26    the day after filing. The Joint Proposed Final Pretrial Order, jury instructions, and verdict form

27    shall be submitted via e-mail as attachments to JSCpo@cand.uscourts.gov. The Court requests that

28    all hard-copy submissions be three-hole-punched.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    IV.    **PRETRIAL ARRANGEMENTS**

2          A.      Should a daily transcript and/or real-time reporting be desired, the parties shall

3    make arrangements with Rick Duvall, Supervisor of the Court Reporting Services, at

4    (415) 522-2079, at least ten (10) calendar days prior to the trial date.

5          B.      During trial, counsel may wish to use overhead projectors, laser-disk/computer

6    graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all

7    counsel to the maximum extent possible. The Court provides no equipment other than an easel.

8    The United States Marshal requires a court order to allow equipment into the courthouse. For

9    electronic equipment, parties should be prepared to maintain the equipment or have a technician

10   handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may

11   work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

12                                    **SCHEDULING**

13         Trial will be conducted from 8:30 a.m. to 2:30 or 3:00 p.m., depending on the availability

14   of witnesses, Monday through Friday. Counsel must arrive by 8:15 a.m., or earlier as needed, for

15   any matters to be heard out of the presence of the jury.  The jury will be called at 8:30 a.m.

16                                     **THE JURY**

17         In civil cases, there are no alternate jurors and the jury is selected as follows:

18   Eighteen to twenty jurors are called to fill the jury box and the row in front of the bar, and are

19   given numbers (1 through 20). The remaining potential jurors will be seated in the public benches.

20   Hardship excuses will usually be considered at this point. The Court will then have each juror

21   orally answer a set of written questions (attached to this Order as Exhibit A) and will itself ask

22   questions of those in the box and in the front of the bar. Counsel may then conduct a limited voir

23   dire. Challenges for cause will then be addressed out of the presence of the potential jurors. The

24   Court will consider whether to fill in the seats of the stricken jurors. If so, questions will be asked

25   of the additional jurors and cause motions as to them will be considered. After a short recess, each

26   side may exercise its allotment of peremptory challenges out of the presence of the potential

27   jurors. The eight (or such other size as will constitute the jury) surviving the challenge process

28   with the lowest numbers become the final jury. For example, if the plaintiff strikes 1, 5, and 7 and

4

1    the defendant strikes 2, 4, and 9, then 3, 6, 8, 10, 11, 12, 13, and 14 become the final jury. If more

2    (or fewer) than eight jurors are to be seated, then the starting number will be adjusted. So too if

3    more than a total of six peremptories are allowed. Once the jury selection is completed, the jurors'

4    names will be read again and they will be seated in the jury box and sworn. The Court may alter

5    this procedure in its discretion and after consultation with the parties.

## WITNESSES

7          At the close of each trial day, all counsel shall exchange a list of witnesses for the

8    next two full court days and the exhibits that will be used during direct examination (other than

9    for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall

10   provide any objections to such exhibits and shall provide a list of all exhibits to be used with the

11   same witness on cross-examination (other than for impeachment). The first notice shall be

12   exchanged prior to the first day of trial. All such notices shall be provided in writing.

## EXHIBITS

14         A.     Prior to the Final Pretrial Conference, counsel must meet and confer in person to

15   consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over

16   the precise exhibit.

17         B.     Use numbers only, not letters, for exhibits, preferably the same numbers as were

18   used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g.,

19   Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single

20   exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant

21   should not re-mark the exact document with another number. Different versions of the same

22   document, e.g., a copy with additional handwriting, must be treated as different exhibits with

23   different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be

24   marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's

25   Exhibit."

United States District Court
Northern District of California

United States District Court
Northern District of California

C.       The exhibit tag shall be in the following form:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

Case No. _____

Date Entered _____

By_____
　　　　　　　Deputy Clerk

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying), but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders should be marked as "Original." Deposit the exhibits with the deputy clerk seven (7) days before the Pretrial Conference.

D.       Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

E.       In addition to the official record exhibits, three sets of bench binders containing copies of the exhibits must be provided to the Court seven (7) days before the Pretrial Conference, one should be marked as "Chambers Copies", and the other two as "Clerk's Copies."  Each exhibit must be separated with a label divider identifying the exhibit number. (An exhibit tag is unnecessary for the bench set.)  Spine labels should indicate the numbers of the exhibits that are in the binders.

F.       Before the closing arguments, counsel must confer with the deputy clerk to make

1    sure the exhibits in evidence are in good order.

2         G.     Exhibit notebooks for the jury will not be permitted without prior permission from

3    the Court. Publication must be by poster blow-up, overhead projection, or such other method as is

4    allowed in the circumstances. It is permissible to highlight, circle or underscore in the

5    enlargements as long as it is clear that it was not on the original.

6    **CHARGING CONFERENCE**

7         As the trial progresses and the evidence is heard, the Court will fashion a comprehensive

8    set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence,

9    the Court will provide a draft final charge to the parties. After a reasonable period for review, one

10   or more charging conferences will be held at which each party may object to any passage, ask for

11   modifications, or ask for additions. Any instruction request must be renewed specifically at the

12   conference or it will be deemed waived, whether or not it was requested prior to trial. If, however,

13   a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must

14   affirmatively re-request it at the charging conference in order to give the Court a fair opportunity

15   to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

16        **IT IS SO ORDERED**.

17   Dated: May 5, 2022

18   _____

19   JACQUELINE SCOTTCORLEY
     United States District Judge

20

21

22

23

24

25

26

27

28

7

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**BACKGROUND**

HAVE EACH OF THE 20 PROSPECTIVE JURORS ANSWER ALOUD THE GENERAL BACKGROUND QUESTIONS ON THE SHEET THAT HAS BEEN HANDED OUT.

1.  Please state your name:

2.  Please state the city in which you live:

   a.  How long have you lived there?

   b.  Where else have you lived in the past  5 years?

3.  What is your current occupation?

   a.  How long have you been so employed?

   b.  What are your previous occupations, if any?

   c.  Have you or any member of your family been employed by a law firm?

4.  Please give us the following information about your family:

   a.  Are you married?

      1.  If so, what is your spouse's current occupation and by whom is your spouse employed?

   b.  Do you have any children?

      If so:
               1.  How many?
               2.  What ages?
               3.  What are their occupations, if any?

5.  Are there any other adults living in your household?

   a. If so, how are they related to you, and what is their age and occupation?

8