1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7        RICARDO PALLAZHCO,                          Case No. 21-cv-00378-JSC

                    Plaintiff,
8
                                                     **ORDER GRANTING MOTION TO**
9               v.                                   **DISMISS**

10       A. ACEVEDO, et al.,                         Re: Dkt. No. 35

                    Defendants.
11

12

13              Plaintiff Richardo Pallazcho brings this civil rights complaint against the California

14       Department of Corrections and Rehabilitation ("CDCR"), and CDCR officers A. Acevedo and M.

15       Avila.  CDCR moves to dismiss the claims against CDCR.  (Dkt. No. 35.)  Having carefully

16       considered the briefing, the Court concludes that oral argument is unnecessary, and GRANTS

17       CDCR's motion to dismiss for the reasons stated below.

18              Plaintiff alleges a single cause of action under 42 U.S.C. § 1983 ("Section 1983") against

19       CDCR.  (Dkt. No. 1 ¶ 33.)  To state a claim under Section 1983, a plaintiff must allege two

20       elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2)

21       that a "person" acting under the color of state law committed that violation. *See West v. Atkins*,

22       487 U.S. 42, 48 (1988).

23              CDCR is not a "person" subject to suit under Section 1983.  *See Brown v. California*

24       *Dep't. of Corr.,*554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the

25       California Department of Corrections and the California Board of Prison Terms were entitled to

26       Eleventh Amendment immunity."); *Maldonado v. Harris,* 370 F.3d 945, 951 (9th Cir.

27       2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not

28       amenable to suit under that statute.").  Thus, Plaintiff's Section 1983 claim against CDCR fails.

United States District Court
Northern District of California

1    Plaintiff's opposition is unpersuasive.  First, contrary to Plaintiff's arguments, CDCR does

2   not assert qualified immunity.  Rather, CDCR asserts it is immune from Section 1983 claims

3   because "Congress, in passing Section 1983, had no intention to disturb the States' Eleventh

4   Amendment immunity."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). As

5   discussed above, CDCR is correct.  Second, Plaintiff argues that CDCR is liable under *Monell v.*

6   *New York City Dept. of Social Services*, 436 U.S. 658 (1978).  Plaintiff is mistaken.  Under

7   *Monell*, "**[s]tates are protected** by the Eleventh Amendment while **municipalities are not**."

8   *Will*, 491 U.S. at 70 (citing *Monell*, 436 U.S. at 690, n.54) (emphasis added).  Again, as discussed

9   above, CDCR is a state agency entitled to Eleventh Amendment immunity.  *See Brown*, 554 F.3d

10   at 750.

11    In sum, Plaintiff cannot assert a claim under Section 1983 against CDCR.  Thus, that claim

12   is dismissed.  The Section 1983 claim against the individual officers remains.

### CONCLUSION

14    For the reasons stated above, CDCR's motion to dismiss the claims against CDCR is

15   GRANTED.  At the parties' request, they are referred to Magistrate Judge Illman for a settlement

16   conference to occur as soon as is convenient to Judge Illman.  The case management conference

17   scheduled for August 31, 2022 is continued to December 1, 2022.  An updated joint case

18   management conference statement is due one week in advance.

19    This Order disposes of Dkt. No. 35.

20    **IT IS SO ORDERED.**

21   Dated: August 30, 2022

_____

JACQUELINE SCOTT CORLEY
United States District Judge

*United States District Court*
*Northern District of California*

2